[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has moved to modify the visitation schedule of the parties' three and five year old sons. The parties were divorced in 1998, when the boys were one and three years old. The judgment provided that the parents would have joint legal custody of the children, that the children would reside primarily with the plaintiff, and that the defendant would have reasonable visitation. About a year later, the arrangement was modified to provide that the defendant would have the children during "Week I" from Thursday at 5:30 until Sunday at 5:30 and during "Week II" from Monday at 5:30 until Wednesday at 5:3 0. CT Page 11332
Within a few months of this schedule's implementation, the parties began a rancorous and accusatory tug of war. The plaintiff claimed that the defendant did not adhere to the schedule, while the defendant accused the plaintiff of having a chaotic household and "possible abuse." The defendant in particular appears, mistakenly, to believe that his time with the children will be increased in some proportion to the severity of the accusations he makes. Some of his derogatory comments are made to or in the presence of the five year old child, whom Mr. Fuller believes is old enough to hear unfavorable things about his mother. The matter was referred to Family Relations for a custody study.
The Family Relations officer did a thorough investigation, submitted a written report, and testified credibly.
The following orders will enter.
1. The parties will have joint legal custody of their children, Daniel J. Fuller, born December 15, 1994, and Jeffrey J. Fuller, born December 27, 1996. The children shall reside primarily with their mother, the plaintiff.
2. The defendant shall have access to the children on the following schedule:
 a. Every Thursday evening at the end of the defendant's workday, the plaintiff shall drop the children off at his home, and the defendant shall take CT Page 11333 them to daycare or school on Friday. Commencing on September 28, 2000, on every other weekend he shall have the children in his care until Monday morning, when he shall take them to their school or daycare. He shall also take them to their school or daycare on Friday, and shall take them to their regularly scheduled activities on the weekends they are in his care, provided that the plaintiff shall not schedule the boys for any activities that would substantially impair the defendant's ability to parent them.
 b. If the defendant has the children on a weekend which includes a Monday holiday for both the children and him, he shall keep them in his care until he takes them to school or daycare on Tuesday morning.
 c. The defendant shall have the children in his care on the following holidays in even numbered years: New Year's Day; Christmas Eve until 8:00 p.m., when he shall drop them off with their mother; and Jeffrey's birthday. The plaintiff shall have these holidays in odd numbered years.
 d. The defendant shall have the children in his care on the following holidays in odd numbered years: Easter; Christmas Day from 8:00 p.m. Christmas Eve until December 26 at 8:00 a.m.; and D.J.'s birthday. The plaintiff shall have these holidays in even numbered years.
 e. The defendant shall have the children from 10:00 a.m. until 6:00 p.m. on Father's Day when it is not his regularly scheduled weekend. The plaintiff shall have the children from 10:00 a.m. until 6:00 p.m. on Mother's Day when it is not her regularly scheduled weekend. Each parent shall have the children on that parent's birthday and on the birthday of that parent's spouse or fiancee.
3. Each party shall have the children for two consecutive weeks of summer vacation annually. Each should notify the other of their chosen weeks by May 1 of each year.
4. The children shall be permitted to call the parent with whom they are not staying at 6:45 p.m. daily, or at such other time as the parents shall mutually agree, for a telephone call not to exceed five minutes for CT Page 11334 each child (in light of their ages) except that the call may be a few minutes longer if requested by the child.
5. Neither party shall say anything negative to or in the presence of the children about the other parent, the other parent's significant other, the other parent's home, or the other parent's parenting skills, and shall not permit anyone else to do so; and neither party shall discuss the court processes with or in the presence of the children, nor shall they permit other people to do so.
6. D.J. shall remain in counselling as long as deemed necessary by his counselor.
7. The plaintiff shall not relocate to a place further from the defendant's home than she currently lives without an order of the court.
BY THE COURT,
GRUENDEL, J.